## Boggs *v.* Pittsburg, McKeesport and Greensburg Railway Company, Appellant.

*Negligence—Street railways—Grade crossings—"Stop, look and listen"—Evidence—Province of court and jury.*

In an action to recover damages for personal injuries sustained at a grade crossing, plaintiff testified that at the brow of a hill above the crossing, he looked both ways and "saw nothing in sight." At that point he could see 500 feet in the direction from which the electric car came. He then drove down and near the crossing, stopped his horse, looked, listened, and there being no car in sight or hearing, "drove a natural gait across." An account of the accident given by a witness for the plaintiff was not reconcilable with the account given by the plaintiff. Plaintiff also testified that if there had been any car on that hillside he could have heard it. *Held,* that it was for the jury to pass upon the irreconcilable conflict of testimony, and the inferences to be drawn from plaintiff's testimony.

Argued Oct. 10, 1906.   Appeals, Nos. 91 and 92, Oct. T., 1906, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1904, No. 338, on verdict for plaintiff in case of Hiram M. Boggs, father, and Benjamin G. Boggs, minor son, v. Pittsburg, McKeesport and Greensburg Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries, and for loss of personal property.   Before McCONNELL, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for Hiram Boggs for $160 and for Benjamin Boggs for $3,333.

*Error assigned* among others was in refusing binding instructions for defendant.

*James S. Moorhead,* with him *Robert W. Smith,* for appellant cited : McCauley v. Traction Co., 13 Pa. Superior Ct. 354 ;

Callahan v. Traction Co., 184 Pa. 425 ; Urias v. Penna. R. R. Co., 152 Pa. 326 ; Keenan v. Union Traction Co., 202 Pa. 107 ; Kinter v. Penna. R. R. Co., 204 Pa. 497 ; Mankewicz v. Lehigh Valley R. R. Co., 214 Pa. 386.

*Denna C. Oyden*, with him *J. B. Owens* and *W. T. Dom, Jr.*, for appellee, cited : Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573 ; Haas v. Chester St. Ry. Co., 202 Pa. 145 ; Callahan v. Traction Co., 184 Pa. 425 ; Hamilton v. Consolidated Traction Co., 201 Pa. 351 ; Downey v. Pittsburg, Allegheny & Manchester Traction Co., 161 Pa. 131 ; Raulston v. Traction Co., 13 Pa. Superior Ct. 412 ; Manayunk & Roxborough Boarding and Livery Stable Co. v. Union Traction Co., 7 Pa. Superior Ct. 104 ; Kennedy v. Consolidated Traction Co., 210 Pa. 215 ; McFarland v. Traction Co., 204 Pa. 423 ; Hellriegel v. Traction Co., 23 Pa. Superior Ct. 392.

Per Curiam, January 7, 1907 :

The plaintiff who was injured testified that at the brow of the hill he looked both ways and " saw nothing in sight." At that point he could see 500 feet in the direction from which the car came. He then drove down, and near the crossing stopped his horse, looked, listened and there being no car in sight or hearing, " drove a natural gait across." He thus not only made out a case clear of contributory negligence but affirmatively showed care. No witness directly contradicted him, though Parks, who was driving up the hill after passing the plaintiff at the crossing, testified that he met the car coming down, saw the motorman throw off the power, and looked back and saw the plaintiff driving on the track. This account is not reconcilable with plaintiff's, but the conflict could only be settled by the jury.

But further on the plaintiff testified that if there had been any car on that hillside he could have heard it. From this the appellant argues that it is clear that plaintiff did not look or listen as he should have done, and considering the distance to the crossing, the highly improbable rate at which the car must have been traveling, and the general circumstances of the situation the argument presents a strong inference that the plaintiff's account was not correct. But it was an inference of fact,

316 BOGGS *v.* PITTSBURG, ETC., RY. CO., Appellant.

and not the only one that the evidence would permit. Improbable as the plaintiff's story seemed, it might be true, and only the jury could say that it was not. It has been often said the rule of Carroll v. Penna. R. R. Co., 12 W. N. C. 348, is a good one and will not be relaxed, but it is only applicable to clear cases.

Judgment affirmed.